UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SKYE ONE CONTRACTING, INC.

                           Plaintiff,                  REPORT AND
                                                                   RECOMMENDATION
     -against-

                                                                    08 CV 4788 (NGG)(RML)

SETH FIREMAN,

                           Defendant.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This case was removed from Supreme Court, Queens County, on November 26, 2008. Plaintiff Skye One Contracting, Inc., ("plaintiff") is suing defendant Seth Fireman ("defendant") for breach of an oral agreement to pay money in exchange for construction work. Defendant moved to dismiss on grounds of forum non conveniens and lack of personal jurisdiction. After a pre-motion conference before the Honorable Nicholas G. Garaufis, United States District Judge, on June 25, 2009, defendant wrote Judge Garaufis withdrawing the forum non conveniens defense but continuing to maintain that the lawsuit should be dismissed for lack of jurisdiction, or in the alternative, transferred to the District of New Jersey.

        By letter dated November 3, 2009, but before the motion had been fully briefed, plaintiff's counsel, Stephen Holihan, sought leave to withdraw as attorney for plaintiff, as he is not admitted to practice in federal court. I granted his unopposed request on November 18, 2009[1] and gave plaintiff 60 days to find new counsel, noting that a corporation is not permitted

---

[1] Local Rule 1.4 provides that an attorney who has appeared as an attorney of record on a matter before the court may not withdraw without an order granting leave of the court. Such an order may be granted upon a showing of satisfactory reasons for withdrawal and consideration of the posture of the case on the calendar. In this case, the motion to withdraw was made before any discovery had been taken.

to appear *pro se*. See, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam). I further directed that Mr. Holihan serve a copy of the November 3, 2009 Order on plaintiff and that plaintiff's new counsel file a notice of appearance by January 18, 2010 and appear for a telephone conference on January 21, 2010.

No attorney filed a notice of appearance for plaintiff by January 18, 2010, and plaintiff did not appear for the January 21, 2010 conference or request an adjournment. By Order dated January 21, 2010, I gave plaintiff one final opportunity to obtain counsel and ordered the parties to appear for a telephone conference on February 11, 2010. A copy of my January 21, 2010 Order was sent to defendant by FedEx and signed for on January 22, 2010. In the Order, I expressly warned that failure to obtain an attorney would likely result in the dismissal of this action. Plaintiff did not appear for the February 11, 2010 conference or request an adjournment, nor did an attorney file a notice of appearance on its behalf.

Plaintiff has failed to appear for two scheduled telephone conferences and continues to proceed *pro se*, in violation of this court's orders and applicable law. Plaintiff has provided no explanation for its conduct. It is clear that plaintiff has either abandoned this litigation or neglected its responsibility to comply with court orders. Accordingly, I respectfully recommend that this case be dismissed for failure to prosecute.

Objections to this report and recommendation must be filed within 14 days, with a courtesy copy to Judge Garaufis, in order to preserve appellate review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

DATED: Brooklyn, New York
February 12, 2010